[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendants-appellants, Carol Tyson, Sara Thorp, Sara Runyon, and Gretchen Scronce, appeal the judgments of the Hamilton County Municipal Court denying their motions to vacate no-contest pleas to charges of disorderly conduct. For the following reasons, we affirm the trial court's judgment.
On November 18, 2000, the appellants were arrested after a protest of a trade conference in Cincinnati. They were charged with disorderly conduct in violation of R.C. 2917.11(A), a misdemeanor of the fourth degree. At arraignment on the day following their arrests, each of the appellants entered a no-contest plea, and each was found guilty. They were each given credit for the one night they had served in jail, and were assessed no further penalties.
In February 2001, the appellants filed motions to withdraw their pleas of no contest. All filed affidavits averring that the pleas were not knowingly and voluntarily entered due to the ineffective assistance of their counsel. In substance, the affidavits indicated that appointed counsel had negotiated a "package" plea bargain, wherein each appellant (and other members of the appellants' group) would enter a plea of no contest and be released from jail with credit for time served. According to the affidavits, counsel did not investigate the nature of the charges or the possible defenses and did not provide individual assistance to each of the appellants. Moreover, the appellants stated in the affidavits that they felt pressured to accept the "package" plea bargain because of the illness of one of their fellow inmates and because of their uncertainty as to how long they could be held without bail if they maintained their innocence.
The trial court conducted a hearing on the motions to withdraw the pleas on February 26, 2001. Each of the appellants was permitted to testify as to the circumstances under which the pleas had been entered. The trial court indicated, on the record, that it had read and considered the affidavits. At the close of the hearing, the court overruled the motions to withdraw, and this appeal followed.
In a single assignment of error, the appellants argue that the trial court erred in overruling their motions to withdraw their no-contest pleas. We find no error in the trial court's judgment. A trial court may allow the withdrawal of a guilty plea or a no-contest plea after imposition of sentence only to correct a manifest injustice.[1] It is the burden of the individual seeking to vacate the plea to demonstrate the existence of manifest injustice.[2]
The decision to grant or deny a motion to withdraw a no-contest plea is within the discretion of the trial court, and a reviewing court will not reverse the decision absent an abuse of discretion.[3] A trial court does not abuse its discretion in overruling a motion to withdraw where (1) the accused was represented by highly competent counsel; (2) the accused was afforded a full hearing in accordance with Crim.R. 11, before the entry of the plea; (3) the accused was given a complete and impartial hearing on the motion to withdraw, and; (4) the record indicates that the trial court gave full and fair consideration to the motion to withdraw the plea.[4]
In the case at bar, the record indicates that all four of these criteria were met. The head of the public defender's office, an experienced and highly capable trial attorney, represented the appellants when they entered their no-contest pleas. The transcript of the arraignment is not before this court, but the appellants allege no deficiency in the Crim.R. 11 colloquy. Further, the trial court conducted a full and impartial hearing on the motions and demonstrated, on the record, that it had given full and fair consideration to the appellants' arguments.
Although the appellants maintain that they were not given adequate information to knowingly enter a plea and were not afforded effective, individual legal counsel, we find no abuse of discretion in the trial court's decision to overrule the motions. It was within the discretion of the trial court to reject any or all of the testimony and other evidence advanced by the appellants. Accordingly, the assignment of error is overruled, and the judgments of the municipal court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] Crim.R. 32.1.
[2] See State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
[3] State v. Grigsby (1992), 80 Ohio App.3d 277, 299, 609 N.E.2d 183,187.
[4] Id. at 299, 609 N.E.2d at 189.